UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLIVIA MARTIN,

      **Plaintiff,**

v.                                           CIVIL ACTION
                                                 NO. 21-10502-DJC

**MARTIN WALSH et al.**

      **Defendants.**

## ORDER

**CASPER, J.**                                                                             June 2, 2021

      1.     Plaintiff Olivia Martin's ("Martin") motion for leave to proceed *in forma pauperis* (D. 3) is hereby ALLOWED. Because Martin is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the Court liberally construes Martin's complaint because she is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

      2.     Martin shall by **June 22, 2021**, file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure and cures the defects noted

1

below, otherwise this action will be dismissed. Martin's complaint is brought on a form for a purported violation of civil rights under 28 U.S.C §1983 ("Section 1983") by at least twenty-seven defendants. Broadly, it appears that Martin is attempting to bring, in one action, a variety of claims with respect to her problems arising out of her public housing from 1998 through the present. While not exhaustive, the Court outlines some of the more glaring deficiencies in the current complaint that must be addressed.

First, the complaint does not comply with the basic pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Martin's complaint is not a "short and plain" statement of claim. Rather it is conclusory, vague, and covers two decades of claims against multiple parties. While Rule 18(a) of the Federal Rules of Civil Procedure permits Martin "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. CA 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Instead, Rule 20 of the Federal Rules of Civil Procedure provides separate defendants "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly,

2

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

Second, many of the claims appear time barred under the applicable statute of limitations. "Section 1983 does not contain a built-in statute of limitations." Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001). Accordingly, "a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action." Id. Massachusetts prescribes a three-year statute of limitations for personal injury actions, and therefore that statute of limitations applies to Section 1983 claims filed here. Id. (citing Mass. Gen. L. c. 260, § 2A). Absent some basis for tolling, claims predating March 25, 2018 are time barred. Accordingly, claims against defendants Wilbur Commodore, Joann Moore, Josi Sanchez, Marie Kearns Bould, Waleska Figueroa, George McGrath, Christy Doyle, Melina McTigue, Nilda Bogas, Vera Schneider, Olga Niere, Charlotte Richie appear time-barred in their entirety. As to other defendants, at least portions of the claims appear time-barred as well.

Third, Martin's claims against Boston Housing Court Judge MaryLou Muirhead appears barred by the doctrine of absolute judicial immunity. It is well-established that adjudicatory functions are entitled to absolute judicial immunity. Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). As the First Circuit instructs, "[t]he breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (citations and quotations omitted). Although Martin lists Chief Justice Thomas Sullivan, among these allegations, he is not listed as a defendant and there are no allegations made against him.

Fourth, some of the claims may be barred by the doctrine of *res judicata*. *Res judicata*, or more specifically claim preclusion, is a judicial doctrine that provides, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were raised or could have been raised in that action." Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995)). It "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudication." Hatch, 699 F.3d at 45 (alterations and quotations omitted). The elements of claim preclusion are satisfied where there is: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id. (citation and quotations omitted). Martin brought a similar action in this district in 2014, Martin v. U.S. Dep't. of Housing & Urban Development et al., Civ. No. 1:14-cv-13244-IT ("the 2014 Action"), that was dismissed for failing to state a claim upon which relief can be granted. 2014 Action, September 26, 2016 Memorandum and Order, D. 18.  Although difficult to discern, some of the same claims brought in this action may have been brought, or could have been brought, in the 2014 Action.

Fifth, this action may be barred, at least in part, based upon Rooker-Feldman doctrine. "Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted). It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. "The idea is that . . .[generally]. . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and 'an aggrieved litigant cannot be permitted to do

4

indirectly what he no longer can do directly.'" Id. (quoting Rooker, 263 U.S. at 416). Here, to the extent that Martin is claiming that she has been damaged as a result of state court judgments, and she is seeking review and rejection of those judgments, her recourse was to appeal in state court, not file suit in federal court.

Accordingly, Martin's amended complaint must clearly identify the claims and relief she seeks as to each defendant and must provide sufficient factual bases for each of the elements of the claims that she asserts. The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). She must identify all of the parties in the caption. Fed. R. Civ. P. 10(a). Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Martin should assert in her amended complaint any plausible allegations in the original complaint that state a claim that she wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). The amended complaint will be further screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

3.      Martin's motion for appointment of counsel (D. 2) is DENIED without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits

of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. At this stage of the proceedings, the motion is premature and, on this record, while Martin appears indigent, she has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

4. Martin's Motion for Leave to Amend (D. 5) is DENIED as MOOT where this Court has ordered that Martin file an amended complaint.

5. Failure to comply with this Order likely will result in dismissal of this action. Summonses shall not issue pending further order of the Court.

**So Ordered.**

                                                /s/ Denise J. Casper  
                                                UNITED STATES DISTRICT JUDGE